Gregory J. Larson, SB 029641
LARSON LAW CENTER, PLC
90 S. Kyrene Rd. Ste. 5
Chandler, AZ 85226
(602) 418-5283
*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul D. Riddle and Brenda Riddle, husband and wife,<br><br>    Plaintiffs,<br>vs.<br><br>Wells Fargo Bank, National Association, a California United States federally chartered bank; Equifax Information Services, LLC, a Georgia limited liability company; Trans Union, LLC, a Delaware limited liability company; Experian Information Solutions, Inc., an Ohio corporation; and DataQuick Information Systems, Inc., a Delaware corporation,<br><br>    Defendants. | NO. _____<br><br>**COMPLAINT**<br>(Jury Trial Requested) |

## INTRODUCTION

1. Wells Fargo furnished inaccurate credit information to defendant credit reporting agencies who then provided inaccurate credit reports to numerous third parties. Upon learning of their inaccurate credit reports, Plaintiffs (together "the Riddles") disputed Wells Fargo's inaccurate trade-line through each defendant credit reporting agency. Wells Fargo verified the trade-line,

continued furnishing it, and each credit reporting agency thereafter continued reporting inaccurate credit information to third parties.  Plaintiffs seek recovery of damages they have suffered from Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA"), and Arizona's credit reporting statutes ARIZ. REV. STAT. § 44-1691 *et seq.* (the "AzFCRA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1681p.
3. This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

## PARTIES

4. Plaintiff Paul Donovan Riddle ("Don") is a natural person and a citizen of Arizona and the United States.
5. Plaintiff Brenda Riddle ("Brenda") is a natural person and a citizen of Arizona and the United States.
6. Plaintiffs at all times were acting on behalf of their marital community and for community purposes and benefit.
7. Don and Brenda are defined as "consumer[s]" under 15 U.S.C. § 1681a(c).
8. Defendant Wells Fargo Bank, National Association ("Wells Fargo") is a federally chartered United States Bank licensed to do business in the State of Arizona.
9. Wells Fargo is a furnisher of information to credit reporting agencies contemplated by 15 U.S.C. § 1681s-2 that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.
10. Defendant Equifax Information Services, LLC, ("Equifax") is a Georgia limited liability company licensed to do business in the state of Arizona.

11. Equifax is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

12. Defendant Trans Union, LLC, ("TransUnion") is a Delaware limited liability company licensed to do business in the state of Arizona.

13. TransUnion is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

14. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation licensed to do business in the state of Arizona.

15. Experian is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

16. Defendant Dataquick Information Systems, Inc. ("DataQuick") is a Delaware corporation licensed to do business in the state of Arizona.

17. DataQuick is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

## **FACTS**

18. On or about February, 2013, the Riddles began the process to refinance their home loan.

19. The Riddles wanted to reduce their monthly payment by procuring a loan with a lower interest rate than their current loan.

20. The Riddles submitted an application for credit to refinance their home with U.S. Bank.
21. On or about May, 2013, U.S. Bank informed the Riddles that their credit report included a seriously delinquent, charged off credit account.
22. The Riddles do not have any seriously delinquent, charged off credit account.
23. The Riddles have always paid their bills on time.
24. On or about May, 2013, Don requested a credit report from Equifax, TransUnion, and Experian and found that Wells Fargo was reporting a charged off revolving credit account (the "Wells Fargo Trade-Line").
25. Upon information and belief, the Wells Fargo Trade-Line is someone else's account entirely.
26. The Riddles never had a credit account with Wells Fargo during the time period Don's credit report reflects.
27. Nor have the Riddles ever been delinquent on any credit account they maintained.
28. On or about May, 2013, Don disputed the inaccurate Wells Fargo Trade-Line with Equifax, TransUnion, and Experian.
29. Upon information and belief, Equifax, TransUnion, and Experian all forwarded Don's dispute to Wells Fargo.
30. Wells Fargo did not conduct a reasonable investigation of Don's dispute.
31. Instead, Wells Fargo simply verified the account as accurate to Equifax, TransUnion, and Experian.
32. Equifax did not conduct a reasonable investigation of Don's dispute.
33. Instead, it simply relied on Wells Fargo's verification of the debt and continued reporting the Wells Fargo Trade-Line to third parties.
34. TransUnion did not conduct a reasonable investigation of Don's dispute.

4

35. Instead, it simply relied on Wells Fargo's verification of the debt and continued reporting the Wells Fargo Trade-Line to third parties.
36. Experian did not conduct a reasonable investigation of Don's dispute.
37. Instead, it simply relied on Wells Fargo's verification of the debt and continued reporting the Wells Fargo Trade-Line to third parties.
38. Upon information and belief, Wells Fargo, Equifax, TransUnion, and Experian robotically verified the [in]accuracy of the Wells Fargo Trade-Line and continued reporting it to third parties.
39. On or about May, 2013, Don received a CP2000 Notice from the IRS that the Riddles' 2011 tax liability had increased because of a cancelled debt.
40. Wells Fargo reported two identical, incorrect, debt cancellations associated with Don's and Brenda's social security numbers.
41. Wells Fargo reported to the IRS that it cancelled two separate debts, each the same amount as the single alleged debt reported in the Wells Fargo Trade-Line.
42. Wells Fargo's wrongful conduct caused an incorrect, substantial increase in the Riddles' tax liability for the year 2011, with interest on alleged unpaid taxes.
43. The Riddles have had to pay their accountant to challenge the CP2000 Notice and have suffered emotional distress, embarrassment, and humiliation because of Wells Fargo's wrongful conduct.
44. Don applied for a Discover credit card in June, 2013.
45. On or about July, 2013 the Riddles' application for credit was denied because of a "COLLECTION, CHARGE-OFF, OR JUDGMENT."
46. On or about July, 2013, Don received an adverse action letter from U.S. Bank stating that U.S. Bank denied the Riddles' application for credit for a mortgage in part because Don's credit report reflected a "SERIOUS DELINQUENCY."
47. The U.S. Bank denial letter identified DataQuick as the credit reporting agency upon which U.S. Bank relied in denying the Riddles credit.

48. Upon information and belief, DataQuick compiled credit reporting data from Equifax, Experian, and TransUnion in assembling its own credit report.
49. On or about August, 2013, Don again requested credit reports from Equifax, TransUnion, and Experian.
50. The August credit reports show that the Wells Fargo Trade-Line had been "disputed by consumer."
51. On or about September, 2013, Don requested a credit report from DataQuick.
52. DataQuick's credit report publishes the same inaccurate Wells Fargo Trade-Line as the other reports, and it also includes two other inaccurate trade-lines that do not belong to Plaintiffs.
53. On or about September, 2013, Plaintiffs disputed the accuracy of DataQuick's credit report.
54. To date, DataQuick has not responded to Plaintiffs' dispute.
55. As a result of derogatory information furnished to credit reporting agencies by Wells Fargo, Plaintiffs abstained from applying for credit, had adverse action taken on existing credit accounts, and were denied credit.
56. As a result of all Defendants' conduct, Plaintiffs have suffered actual damages, humiliation, embarrassment, emotional torment, and mental anguish.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF THE FCRA (against Equifax, Transunion, Experian, and DataQuick)

57. Equifax, TransUnion, Experian, and DataQuick violated 15 U.S.C. § 1681i on multiple occasions by failing to conduct a lawful and reasonable reinvestigation; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiffs' credit file; and by failing to delete inaccurate information in Plaintiffs' credit file after receiving actual notice of inaccuracies.

58. As a result of this conduct, action, and inaction of Equifax, TransUnion, Experian, and DataQuick, Plaintiffs have suffered actual damages in an amount to be determined by this Court.
59. Equifax's, TransUnion's, Experian's, and DataQuick's conduct, action and inaction was willful, rendering them liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.
60. In the alternative, they were negligent, entitling Plaintiffs to recover their actual damages under 15 U.S.C. § 1681o.
61. Plaintiffs are entitled to recover actual or statutory damages, costs and attorneys' fees from Equifax, TransUnion, Experian, and DataQuick pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT II: VIOLATION OF THE AzFCRA (against Equifax, TransUnion, Experian, and DataQuick)**

62. Equifax, TransUnion, Experian, and DataQuick violated the AzFCRA by failing to correct inaccurate information in compliance with A.R.S. § 44-1694.
63. As a result of this conduct, action, and inaction of Equifax, TransUnion, and Experian, Plaintiffs have suffered actual damages in an amount to be determined by this court.
64. Equifax's, TransUnion's, Experian's, and DataQuick's conduct, action, and inaction were grossly negligent or willful, rendering them liable for actual damages, punitive damages and attorney's fees and costs pursuant to A.R.S. § 44-1695(b).

**COUNT III: VIOLATION OF THE FEDERAL FCRA (against Wells Fargo)**

65. Wells Fargo violated the FCRA by willfully and/or negligently failing to conduct a reasonable investigation of Plaintiffs' dispute in compliance with 15 U.S.C. § 1681s-2(b).

7

66. As a result of Wells Fargo's violation of the FCRA, Plaintiffs were damaged in an amount to be determined by this Court.

67. Wells Fargo's conduct, action and inaction was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

68. In the alternative, it was negligent, entitling Plaintiffs to recover their actual damages under 15 U.S.C. § 1681o.

69. Plaintiffs are entitled to recover actual or statutory damages, costs and attorneys' fees from Wells Fargo pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## DEMAND FOR JURY TRIAL

70. Plaintiffs request a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court grant the following relief against Defendants: request that judgment be entered against Defendant as follows:

    A.    Actual damages;

    B.    Punitive damages;

    C.    Interest on damages

    D.    Attorneys' fees;

    E.    Costs; and

    F.    All other relief the court deems just.

DATED December 20, 2013.

                          LARSON LAW CENTER, PLC

                          */S/ Gregory J. Larson*
                          Gregory J. Larson
                          *Attorney for Plaintiffs*